verdict. Finding no error in the record, the judgment is in all things affirmed.

PER CURIAM. The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.

---

**1**

Max ELSER, Appellant, v. R. F. SCOTT, Appellee. (No. 3136.) (Court of Civil Appeals of Texas. Texarkana. Dec. 16, 1925.) Rehearing Denied Dec. 31, 1925.) Appeal from District Court, Lamar County; Newman Phillips, Judge. Patrick & Eubank, of Paris, for appellant. A. P. Park and Long & Wortham, all of Paris, for appellee.

LEVY, J. A general demurrer was sustained to the appellee's petition, and the appeal is to review the ruling. The correspondence between the plaintiff and the defendant, upon which the plaintiff relies to establish the existence of an agreement and contract on the part of the defendant Scott to lease to the plaintiff the unleased land in Shackelford county, shows on its face but preliminary negotiations, having for their purpose the subsequent making of a lease contract. The subject-matter of the correspondence, taken in connection with the allegations made, was an oil and gas lease on lands, and there is entirely wanting that definiteness necessary to make binding contracts or agreements. The court, therefore, properly sustained the demurrer.

---

**2**

FARMERS' STATE BANK & TRUST CO. et al. (including Seamons Oil Co., as Set Out in Style of Opinion) v. J. H. GUY. (No. 1304.) (Court of Civil Appeals of Texas. El Paso. Jan. 7, 1926.) Error from Eastland County Court at Law; Joe Jones, Judge. Conner & McRae, of Eastland, and Bishop, Scott & Sparks, of Gorman, for plaintiff in error. Grisham Bros., of Eastland, for defendant in error.

WALTHALL, J. This is a controversy between the defendant in error, Guy, and the plaintiffs in error, Seamons Oil Company and Empire Gas & Fuel Company of Texas, over the sum of $960, on deposit with the plaintiff in error, Farmers' State Bank & Trust Company of Gorman, Tex. The nature and result of the suit is fully shown by opinions heretofore rendered herein by this court and the Commission of Appeals, to which reference is here made. See Seamans Oil Co. v. Guy, 239 S. W. 696, 262 S. W. 473, and 276 S. W. 424. The issue, as between Guy on the one part and the first two named plaintiffs in error on the other part, is determined in favor of said plaintiffs in error, by the opinion of the Commission of Appeals in answer to certified questions. 276 S. W. 424. The Farmers' State Bank & Trust Company was a stakeholder of the fund and claimed an attorney's fee of $100. This claim was sustained by the former opinion of this court. The first two named plaintiffs in error have not contested the right of said bank to the allowance of such fee. The judgment of the lower court is reversed, and here rendered as follows: That Guy take nothing; that said bank be allowed an attorney's fee of $100, to be paid out of the fund in controversy; that

the first two named plaintiffs in error recover the balance of said fund, the same being $860. Reversed and rendered.

---

**3**

B. D. RAWLINS, Appellant, v. H. J. KIENTZ, Appellee. (No. 7482.) (Court of Civil Appeals of Texas. San Antonio. Jan. 13, 1926.) Appeal from Cameron County Court; Oscar C. Dancy, Judge. H. W. Williams, of Brownsville, for appellant. G. R. Whitley, of San Benito, and Ira Webster, of Brownsville, for appellee.

COBBS, J. This cause was submitted without brief of either party. Rule 36 of Texas Court Rules provides that "on or before the day fixed for the hearing of the cause and before the opening of the court, four copies of the brief of each party shall be filed in the office of the clerk of the court." And rule 38 provides: "A failure on the part of counsel for the appellant or plaintiff in error to file assignments of error and briefs in the trial court and in the Court of Civil Appeals, within the time and in the manner prescribed by law and by the rules, shall be ground for dismissing the appeal or writ of error, either by the court of its own motion or on motion of the appellee or defendant in error, unless good cause is shown for such failure, and that the appellee or defendant in error has not suffered material injury thereby in his defense of the cause in the appellate court. If the motion be overruled, the Court of Civil Appeals shall give such direction to the cause as it may deem proper." No brief having been filed in this case by either party, and this court finding no fundamental error, the appeal is hereby dismissed at the cost of appellant.

---

**4**

J. W. RICHARDSON et al. v. R. A. MYER LUMBER CO. (No. 1312.) (Court of Civil Appeals of Texas. Beaumont. Dec. 3, 1925.) Appeal from Hardin County Court; T. F. Teel, Judge. B. L. Aycock, of Kountze, for appellant. T. B. Coe, of Kountze, for appellee.

O'QUINN, J. Appellants sued appellee for the manufactured value of 30,000 feet of pine timber. Appellee answered by general and special exceptions, general denial, and specially that appellants were not the owners of the timber, and not entitled to pay therefor. The trial was to the court without a jury, and judgment rendered for appellee, from which judgment appellants appeal. Three assignments are presented. The first is that the court erred in not sustaining appellants' special exception to appellee's answer, the second that the court erred in refusing to grant appellants' motion for judgment, and the third that it was fundamental error for the court to render judgment for appellee. A careful inspection of the record shows no error, and the judgment of the court below is therefore affirmed.

---

**5**

TYLER COMMERCIAL COLLEGE et al., Appellants, v. REPUBLIC NATIONAL BANK OF DALLAS, Appellee. (No. 9442.) (Court

of Civil Appeals of Texas. Dallas. Nov. 14, 1925. Rehearing Denied Dec. 5, 1925.) Appeal from District Court, Dallas County; Royall R. Watkins, Judge. Burgess, Burgess, Sadler, Chrestman & Brundidge, of Dallas, and Marsh & McIlwaine, of Tyler, for appellants. T. B. Reese and Eugene De Bogory, both of Dallas, for appellee.

JONES, C. J. In a suit brought in the district court of Dallas county by appellee, the Republic National Bank of Dallas, against Tyler Commercial College and others, some of whom are appellants in this case, a compromise judgment was entered in said court, in which it was stipulated that all costs should be paid by the defendants. During the pendency of this suit, and before such compromise agreement, appellee sued out three writs of garnishment, and answers to these writs had been made. These writs of garnishment were directed against A. L. Slaughter, individually, A. L. Slaughter, trustee, and the State Bank & Trust Company. A. L. Slaughter, in his two capacities, answered said writ, showing that there was nothing in his possession in either capacity belonging to any of the defendants. The State Bank & Trust Company made the same answer as to all the defendants except one, in which it stated that it had in its possession, as collateral security to an indebtedness owing by the said defendant to said bank, stock certificates of the par value of $4,700 to secure an indebtedness of approximately $2,500, and claimed the right to hold said stock certificates for said indebtedness. No controverting answer had been filed by appellee to the answers to said writs of garnishment at the time the agreed judgment was entered. The garnishment cases were docketed in the same court in which the main suit was pending, and, on a hearing before the same judge who entered the agreed judgment in the main suit, judgment in the garnishment suit was entered, allowing the garnishees each a fee of $50 for filing such answer, and taxed the cost of said garnishment suits, including these fees, against all of the defendants. This latter order was excepted to, and the appeal to this court perfected for a review of the said order in respect to the taxing of costs. Appellees were present and represented by attorney on this hearing. The only question involved on this appeal is whether the agreement that defendants were to pay all the costs embraced the costs in these ancillary proceedings. Th trial judge who entered the judgment in the main suit on the said agreement was the same judge who entered the judgment taxing the costs in the garnishment suit, and, as he concluded that the agreement for appellees to pay all the costs included both the costs in the main suit and the costs in the ancillary proceedings, we are of the opinion that this conclusion should not be disturbed by this court, and that the judgment should be affirmed. Affirmed.

═══════

|

STATE of Missouri, defendant in error, v. Curtis LUNA, plaintiff in error. (No. 3854.) (Springfield Court of Appeals. Missouri. Jan. 8, 1926.) Error to Circuit Court, Texas County; W. E. Barton, Judge. Affirmed. J. L. Bess, of West Plains, and T. J. Luna, of Gainesville, for plaintiff in error.

BRADLEY, J. December 11, 1922, defendant was convicted for the alleged violation of our prohibition law and appealed. The cause was reversed and remanded. See State v. Luna (Mo. App.) 257 S. W. 161. Defendant, upon a second trial, was again convicted, and comes here on a writ of error. Upon examination we find that no part of the record has been brought up, except the record proper, and that is incomplete. We have examined the record before us, and find no error therein. The judgment should be affirmed; and it is so ordered.

COX, P. J., and BAILEY, J., concur.

END OF CASES IN VOL. 278

*